United States District Court
Southern District of Texas
**ENTERED**
October 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEVILLE AMBROSE DESOUZE, TDCJ # 00879754, | § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. 4:24-1799 |
| CAPTAIN WILLIAMS, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Neville Ambrose DeSouze, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *in forma pauperis* in this civil rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

### I.  BACKGROUND

DeSouze filed this action on May 6, 2024. On June 28, 2024, the Court dismissed this action without prejudice under Federal Rule of Civil Procedure 41(b) because DeSouze had not filed required documents. DeSouze then belatedly complied with the Court's previous instructions, filing amended pleadings (Dkt. 5; Dkt. 7), motions for leave to proceed *in forma pauperis* (Dkt. 6; Dkt. 8), and a trust-fund account statement (Dkt 9).

Therefore, on October 21, 2024, the Court reinstated the case and granted DeSouze leave to proceed *in forma pauperis* (Dkt. 10).

DeSouze's initial complaint, which is not on a form, appears to sue the following defendants: "Captain Williams aka Bill Gates"; "Sergeant Dixon aka H. Ross Perot"; Pearl Legendre Taplin; Diana Rose DeSouze Colvin; Darryl Colvin; Henry Wagner; Earline Roumelda DeSouze Green; Patricia Marlene DeSouze Lee; and Michael Earl DeSouze. He alleges that Williams and Dixon are liable for "stealing the idea on how to make the artificial intelligence and the computer" in 1981 at Fort Stewart, Georgia; for "putting blocks and stops and obstacles in [his] life so that [he does] not complete that task;" and for conspiring to have him "locked up in prison and penn[i]less" (Dkt. 1, at 1-2). He alleges that four other defendants "conspir[ed] to steal [his] U.S. Army person[nel] records from Fort Stewart Georgia in 1981 and identity theft to get [his] veterans['] benefit" (*id*. at 1). He alleges that Earline Roumelda DeSouze Green is liable for "faking her death" and "telling her daughter to rape me while I was asleep so she could have a son . . . in 1975" (*id*. at 2). He alleges that the remaining defendants lied to the Harris County District Attorney about Case No. 803558 (*id*.). According to TDCJ's public online records, the plaintiff was convicted of manslaughter in Case No. 803558 in 1999 and was sentenced to 33 years in prison. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited Oct. 28, 2024).

After the Court dismissed his claim under Rule 41, DeSouze filed two amended complaints, each on the Court's form. The first amended complaint, filed on July 29, 2024, sues Captain Williams as the sole defendant. DeSouze alleges that Williams, a captain in

2 / 7

the United States Army, stole his intellectual property in 1981 to "make sure [DeSouze] did not develop [his] plans of building the computer" (Dkt. 5, at 3-4).

DeSouze's second amended complaint names Earline Roumelda DeSouze Green of Houston as the sole defendant. He alleges that the defendant kidnapped him "as an infant," had her daughter steal his military records and benefits, had him implanted with a microchip by doctors, and had him raped in prison, among other claims (Dkt. 7, at 3-4).

As relief for his claims, DeSouze seeks damages in amounts ranging from $1 million to $12 billion (Dkt. 1, at 1-2; Dkt. 5, at 4; Dkt. 7, at 4).

## II.     STANDARD OF REVIEW

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal under § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court

"construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III. <u>ANALYSIS</u>

The Court examines whether DeSouze's claims are appropriately dismissed under 28 U.S.C. § 1915(e)(2)(B).

To the extent DeSouze brings civil rights claims under 42 U.S.C. § 1983 or conspiracy claims under 42 U.S.C. §1985, his claims are subject to a two-year statute of limitations. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); *Beckwith v. City of*

*Houston*, 790 F. App'x 568, 572, 575 (5th Cir. 2019); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The limitations period "begins to run once the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (cleaned up). A *Bivens* action, brought against federal officials for a constitutional violation, also has a two-year limitations period. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021); *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The statute of limitations for a breach-of-contract claim or a fraud claim is four years. *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 166, 169 n.39 (5th Cir. 2024); TEX. CIV. PRAC. & REM. CODE § 16.004(a); TEX. CIV. PRAC. & REM. CODE § 16.051.

A complaint that is plainly untimely is subject to dismissal as legally frivolous. *See Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling"); *Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

In this case, DeSouze alleges that the defendants stole his intellectual property in 1981; conspired to steal his military personnel records in 1981; arranged his rape which led to the birth of a child in 1975; and lied to prosecutors in connection with a Harris County criminal case that resulted in his conviction in 1999. Because DeSouze filed his complaint in 2024, these claims are time-barred. Thus, taking as true all facts as pleaded by DeSouze, his claims must be dismissed. *See Frame*, 657 F.3d at 240.

Additionally, to the extent DeSouze brings claims under § 1983 against Earline Roumelda DeSouze Green that are not time-barred (Dkt. 7), the claims must be dismissed. § 1983 provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). DeSouze does not plead facts that could show that Green is a state official or was otherwise acting under color of state law, as required under § 1983. Taking as true all facts pleaded by DeSouze, his claims against Green is subject to dismissal on this additional basis.

Finally, and as an additional ground for dismissal, multiple allegations in the pleadings qualify as factually frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B) because they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 50c U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328).

The Federal Rules of Civil Procedure state that leave to amend shall be freely given when justice so requires. FED. R. CIV. P. 15(a). Therefore, the Court will reconsider this dismissal order if, within 30 days of this order, DeSouze files an amended complaint that states a claim upon which relief can be granted against the defendants already named in this lawsuit.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1; Dkt. 5; Dkt. 7) filed by Neville Ambrose DeSouze is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. The Court will reconsider this dismissal order if, within 30 days of this order,

DeSouze files an amended complaint that states a claim upon which relief can be granted against the defendants already named in this lawsuit.

All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on _____October 30_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE